IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| THOMAS DONNELLY III, | ) |
| Plaintiff, | ) 2:22-CV-00377-MJH |
| vs. | ) |
| GENERAL ELECTRIC COMPANY, A FOREIGN ENTITY; AND JOENIC STEEL, LLC, A FOREIGN ENTITY; | ) |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Thomas Donnelly III, presently moves, pursuant to 28 U.S.C. § 1292(b), to certify the Court's October 31, 2025 Memorandum Opinion and Order (ECF No.126), as reaffirmed by the Court's November 17, 2025 Order (ECF No. 135) denying reconsideration, for interlocutory appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 137). Mr. Donnelly also moves for stay of proceedings pending resolution of said interlocutory appeal. (ECF No. 138). Defendants oppose said motions. (ECF Nos. 141, 142, and 143). The matter is now ripe for consideration.

Mr. Donnelly seeks certification of the following legal question:

> whether, in a Pennsylvania strict products liability action, evidence of an immune employer's ordinary negligence is admissible to rebut causation, or whether such conduct must satisfy Pennsylvania's "extraordinary and unforeseeable" superseding-cause standard, as reaffirmed in *Reott v. Asia Trend, Inc.*, 55 A.3d 1088 (Pa. 2012), and interpreted within *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

(ECF No. 137 at p. 1).

The statutory standard for an interlocutory order is as follows:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Mr. Donnelly contends that the issue of the introduction of evidence of an immune employer's negligence is a controlling question of law because it would significantly affect the scope of the trial. He further asserts that this area of law remains unsettled and that will materially advance the ultimate termination of the litigation. Specifically, Mr. Donnelly argues that an immediate appeal would advance the ultimate termination because:

> 1. The admissibility of Kiewit-related evidence will determine the structure and scope of trial.
>
> 2. Proceeding toward trial while the controlling legal issue remains unresolved creates a substantial risk of wasted trial preparation and potentially duplicative proceedings— precisely the type of protracted and expensive litigation that § 1292(b) is designed to avoid. The Third Circuit has held that interlocutory review is appropriate where it may "avoid protracted and expensive litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) (en banc). Courts applying § 1292(b) routinely grant certification and stays where appellate resolution of a controlling question may prevent unnecessary or duplicative trial proceedings. See In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (interlocutory review warranted to avoid "significant waste of judicial and party resources"). Here, if the Third Circuit excludes ordinary third-party negligence evidence, the parties would otherwise have engaged in extensive and unnecessary trial preparation on issues later deemed inadmissible.
>
> 3. Resolution of this issue could narrow or eliminate Defendants' causation defenses.
>
> 4. The parties' settlement posture is directly impacted by the scope of admissible evidence.

(ECF No. 137 at p. 5).

Defendants maintain that Mr. Donnelly does not meet the Section 1292(b) factors, because the Order at issue rests on a question of fact that needs to be resolved by the jury, the Court's ruling rests on settled Pennsylvania law, and given the imminence of trial, the timing of Mr. Donnelly's request is inappropriate and could prolong litigation.

Here, Mr. Donnelly has four pending legal theories against the Defendants: Negligence (Counts I and V), Strict Liability/Consumer Expectation (Counts II and VI), Strict Liability/Risk Utility (Counts III and VII), and Breach of Warranty (Counts IV and VIII).  As a collective, these claims contain distinct elements and defenses that are broader than the strict product liability cases cited by Mr. Donnelly.  Further, all four of Mr. Donnelly's legal theories involve the plaintiff's burden to establish causation, against which the defendants are entitled to defend. And, the employer is not a party, thus no liability will be imposed upon the employer.  Evidence as to the element of causation is fairly presented for each of the claims at issue.  Therefore, the Court does not find that, under the Section 1292(b) factors, this case should be delayed through an interlocutory appeal.

Accordingly, for the reasons stated above, Mr. Donnelly's Motions are denied.  An order scheduling a pre-trial conference will follow.

 Dated:  December 19, 2025

_____
Marilyn J. Horan
United States District Judge